UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                              :
JAMES S. THOMAS,                              :
                                              :   **MEMORANDUM**
                              Petitioner,     :   **DECISION AND ORDER**
                                              :
                - against -                   :   08 Civ. 4389 (BMC)
                                              :
                                              :
STATE OF NEW YORK,                            :
                                              :
                              Respondent.     :
                                              :
------------------------------------------------------------- X

**COGAN, District Judge.**

Petitioner brings this habeas corpus proceeding pursuant to 28 U.S.C. §2254. The indictment upon which petitioner was convicted charged that between January and May, 2004, petitioner went on a crime spree, in most cases alone but in one case with another, in which he robbed and/or assaulted six different victims (two of which occurred during the same incident). The jury convicted him of two felony counts of robbery, one felony count of larceny, and one felony count of possession of stolen property, and acquitted him of other counts. Because he had two prior violent felony convictions, petitioner was sentenced as a mandatory persistent violent felony offender to a sentence on the top count of twenty-five years to life. The Appellate Division affirmed his conviction, although it modified the sentences to run concurrently instead of consecutively, as the trial court had imposed. Additional facts will be set forth below as relevant to petitioner's alleged points of error.

*1. Excessive Cross-Examination as to Prior Convictions.* At a pre-trial <u>Sandoval</u> hearing, the trial court ruled that if defendant testified, he could be impeached with the fact of his prior convictions (which were extensive), but not the details of each conviction. However, when defendant testified, he did two things that the prosecutor contended opened the door to the details. First, he claimed on direct examination that his prior guilty pleas showed that he took responsibility when he did something wrong, implying to the jury, in effect, that this showed that his denial of the instant crimes should be found credible.[1] Second, on cross-examination, as to

---

[1] Petitioner's direct testimony included the following:

> Q: Now it's true that you have been previously convicted of a crime, right?
>
> A: Yes.
>
> Q: And why did you plead guilty?
>
> A: Because I did them.
>
> Q: And in 1998 you have another one?
>
> A: 1997? '97.
>
> Q: '97, excuse me. And did you plead guilty to that?
>
> A: Yes.
>
> Q: And why did you plead guilty to that?
>
> A: Because I was part of that.
>
> Q: And then recently maybe six months or a year ago you had a misdemeanor conviction, right?
>
> A: Yes.
>
> Q: And did you plead guilty to that?
>
> A: Yes.
>
> Q: And why did you plead guilty to that?
>
> A: Because I did it.
>
> Q: Now in this case ... did you plead guilty to the charges?
>
> A: No.

one of his prior convictions (and in contradiction to his "acceptance of responsibility" argument on his direct examination), he asserted that he did not commit that prior crime and had only pled guilty because his mother had threatened suicide. The trial court overruled petitioner's objection in light of his testimony both on direct and cross-examination, and modified its Sandoval ruling to permit further cross-examination into the details of his prior crimes.

The Appellate Division affirmed the trial court's ruling on the merits. That means that to warrant habeas corpus relief here, petitioner must demonstrate that the Appellate Division's ruling was contrary to, or an unreasonable application to the facts of, Supreme Court authority. See 28 U.S.C.§2254(d); Williams v. Taylor, 529 U.S. 362, 384-85, 391, 120 S.Ct. 1495 (2000). Meeting this standard is particularly difficult with regard to a discretionary evidentiary ruling like this for several reasons. First, no Supreme Court case has ever held that a trial court ruling permitting cross-examination on the details of prior convictions presents a constitutional issue, and the Court suggested in Luce v. U.S., 469 U.S. 38, 43,105 S.Ct. 460, 464 (1984), albeit in dictum, that such a ruling was "a question not reaching constitutional dimensions ...". Second, with regard to habeas review of evidentiary rulings generally, review is limited. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). As the Second Circuit held in Taylor v. Curry, 708 F.2d 886, 890-91 (2d Cir. 1983), "[e]rroneous [state court] evidentiary rulings do not automatically rise to the level of constitutional error sufficient to warrant issuance of a writ of habeas corpus. Rather, the writ would issue *only* where petitioner can show that the error deprived her of a *fundamentally fair* trial." (Emphasis in original.) This constitutes a "heavy burden, for generally,

---

Q: And why not?

A: Because I didn't do them.

3

rulings by state trial courts on evidentiary issues, even if erroneous, do not rise to the level of a constitutional violation." Bonet v. McGinnis, 98 Civ. 6529, 2001 WL 849454 at *2 (S.D.N.Y. July 27, 2001) (internal quotations omitted).

I can find no basis for concluding that the Appellate Division contradicted or unreasonably applied these facts to any Supreme Court authority. As to petitioner's first claim of error involving the Sandoval ruling – that his use of his prior guilty pleas to establish his willingness to accept responsibility did not open the door to cross-examining him on the details of those crimes – New York law is directly to the contrary. When a defendant testifies as to his prior guilty pleas to show that, in the present case, he did not plead guilty because is innocent, then he is subject to cross-examination on the crimes that gave rise to his guilty pleas. See e.g. People v. Cooper, 92 N.Y. 968, 683 N.Y.S.2d 757 (1998). Although adherence to a state law rule of evidence does not immunize a ruling from constitutional attack, this particular rule is fundamentally fair: if a defendant asserts that prior guilty pleas were based on a quality in his character of accepting responsibility, thus tending to prove him innocent of the present charges which he has denied, a prosecutor should be able to show, through cross-examination, that the real reason the defendant pled guilty to prior charges is because the proof was sufficiently overwhelming that the defendant was compelled to do so, rather than as a result of noble character.

As to petitioner's second claim of error involving the Sandoval ruling – that he was improperly impeached with the facts of a prior crime – he first denied committing that prior crime, in his cross-examination, even though he had pled guilty to it. There is no constitutional issue presented by the trial court's decision to allow the prosecutor to impeach him by questioning designed to show that, in fact, he had pled guilty because he was guilty. Thus, the

Appellate Division's decision was neither contrary to nor an unreasonable application of Supreme Court authority.

2. *Prosecutor's Summation.* Petitioner accuses the prosecutor of the following excesses in closing argument: (1) accusing defendant of lying in his testimony; (2) referring to the age, physical stature or vulnerability of the victims or in one instance to her emotional distress from the incident; and (3) by saying that petitioner was "not entitled" to a finding of not guilty, the prosecutor, according to petitioner, implicitly asked the juror to draw a negative inference from his having testified.

As noted above, this Court can issue habeas corpus relief only if it finds that the Appellate Division's rejection of this claim was contrary to or an unreasonable application of Supreme Court authority.[2] In this context, prosecutorial remarks, even if "undesirable" or "universally condemned," do not amount to constitutional error unless they "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181, 106 S.Ct. 2464 (1986) (internal quotations and citations omitted). In determining a constitutional violation has occurred, a reviewing court first must consider whether misconduct has occurred; if it has, the reviewing court must then consider "the severity of the misconduct [,] the measures adopted to cure the misconduct[,] and the certainty of

---

[2] Respondent argues persuasively that the Appellate Division found this claim procedurally barred because it was unpreserved. However, because the Appellate Division did not expressly refer to the claim as procedurally barred (noting, instead, that petitioner's "remaining contention" was procedurally barred as unpreserved), and because it is without merit in any event, this Court will review the Appellate Division's decision on the assumption that it decided the claim on the merits. See Jiminez v. Walker, 458 F.3d 130, 145 (2d Cir. 2006). If the claim is viewed as procedurally barred because the Appellate Division invoked an independent and adequate state law ground (the failure to preserve the claim at trial), petitioner has not offered any evidence to show that there was cause for failure to preserve the claim and actual prejudice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991).

5

conviction absent the improper statements." Floyd v. Meachum, 907 F.2d 347, 355 (2d Cir. 1990) (quoting U.S. v. Modica, 663 F.2d 1173, 1181 (2d Cir. 1981)).

In the present case, the effect of the alleged misconduct need not be considered because the conduct about which petitioner is complaining was not misconduct at all. The prosecutor's summation has to be considered in the context of the prior closing by petitioner's counsel. The key issue in the case was credibility, and the defense had asserted in closing that the victims and police officers had either lied or been mistken in their testimony and petitioner had told the truth in his. It was practically impossible for the prosecution to respond to the defense closing without arguing in some form that it was the petitioner who had lied, not the victims. There was no misconduct in the prosecutor making the counterargument to that of petitioner, i.e., that it was petitioner, not the victims, who had lied, as the conclusion was based on a marshalling of all of the evidence. See Moore v. Warden, Southport Correctional Facility, 380 F.Supp.2d 321, 331 (S.D.N.Y. 2005) ("Where a prosecution comment is a rejoinder to defense counsel's comments, that factor ameliorates the effect of an objectionable prosecution comment upon the fairness of a trial."); see generally U.S. v. Rivera, 22 F.3d 430, 438 (2d Cir. 1994) ("[T]he government is allowed to respond to argument that impugns its integrity or the integrity of its case."). Similarly, the references to the age and small stature of the victims simply referred to circumstantial evidence in the record in an effort to argue that the victims' stories should be credited over that of petitioner. See Walker v. Cunningham, No. 08 civ. 2735, 2008 WL 4737664, *5 (E.D.N.Y. Oct. 28, 2008) (prosecution's closing argument that "this defendant committed two brutal assaults and robberies against two separate people ... both approximately 60 years old ... just on their way home from work, trying to get home" was "not constitutionally troublesome "). To the extent petitioner is arguing that the prosecutor sought to invoke sympathy

and distract the jury's attention from the facts, the references to the victims did not transgress the limits of permissible argument, and were at most "rhetorical comments that [were] not so inflammatory as to affect the fundamental fairness" of the trial. Jones v. Keane, 250 F.Supp.2d 217, 237 (W.D.N.Y. 2002). Finally, petitioner's argument that because the prosecutor attacked his credibility, she sought to penalize him for testifying, is a non-sequitur.

Accordingly, based on the Appellate Division's decision on this issue, there is no ground for federal habeas corpus relief.

*3. Excessive Sentence.* Petitioner contends that his sentence was excessive because the sentencing court imposed consecutive terms. However, as noted above, the Appellate Division modified the sentence by making the term on each count to run concurrently. The sentence both as originally given and as modified was within the parameters of state law and raises no constitutional issue. See White v. Keane, 969 F.2d 1381, 1383-84 (2d Cir. 1992) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law."). Accordingly, this argument is rejected as both moot and without merit.

*4. Persistent Violent Felony Offender Sentence.* Petitioner contends that his sentence as a persistent violent felony offender under N.Y. Penal L. §70.08 violated the holding of Apprendi v. New Jersey, 530 U.S. 466 (2000), because his prior convictions were found by a judge, not a jury. There is no constitutional violation. Where the only facts necessary to an enhanced sentence are the occurrence of prior violent felony convictions, and where there is no discretion on the part of the judge whether to sentence as a prior violent felon based on the facts of record,

as is the case with this New York statute, no <u>Apprendi</u> issue is present. <u>See</u> <u>Washington v. Graham</u>, cv-07-1706, 2007 WL 3197335, *4-5 & n.2 (E.D.N.Y. Oct. 26, 2007).

## CONCLUSION

The petition is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/

U.S.D.J.

Dated: Brooklyn, New York
March 23, 2009